UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas Scribner, | Civ. No. 11-3360 (SRN/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Ally Bank, N.A.; and<br>GMAC, a National Banking Association, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the Court on Defendants' unopposed Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) (ECF No. 4). Defendants Ally Bank (incorrectly identified in the Complaint as "Ally Bank, N.A.") and GMAC Mortgage, LLC (incorrectly identified in the Complaint as "GMAC, a National Banking Association") are represented by Eleasalo Ale and Erin Hoffman.[1] Plaintiff Douglas Scribner is proceeding pro se, but has yet to make any appearance since the case was removed to federal court on November 16, 2011, including making any opposition to the instant motion. As set forth fully below, the Court recommends Defendants' motion be granted and the case be dismissed.

I.   **Background**

Plaintiff's Complaint offers scant factual allegations. Plaintiff alleges that there has been "considerable press attention, litigation and pending governmental investigations" surrounding instances in which the Defendants have not had possession of the "original or authentic copy of

---

[1] Ellen Silverman filed the memorandum in support of the motion but is no longer counsel of record.

the promissory notes" of certain mortgages. (Compl. ¶ 1.) The Complaint discusses the common practice of using the Mortgage Electronic Registration Systems, Inc. ("MERS") as a repository for mortgages to avoid the requirement of re-recording liens and paying county fees, and the attendant separation of promissory notes from mortgages. (*Id.* ¶ 1.) The entire first paragraph, which spans two full pages, primarily addresses MERS and its allegedly illegal conduct. (*See id.*)

Plaintiff discusses an "enterprise," of which Defendants were allegedly a part, that caused much of Plaintiff's damage. For example, Plaintiff alleges Defendants failed to establish due diligence policies, to verify the identity of those applying for mortgages, to determine and report the sources of funds used for the mortgages, and to disclose the identities of transferees of their mortgages. (*Id.* ¶ 2.) Plaintiff further alleges Defendants failed to disclose various other categories of information upon entering into notes and deeds of trust. (*Id.* 4.) For example, Plaintiff alleges Defendants were obligated to disclose "the enterprise caused the appraised value of Plaintiff's home to be overstated" and "the enterprise was orchestrating the over-valuation of homes throughout Plaintiff's community." (*Id.* ¶¶ 4(b), 4(c).) Plaintiff also alleges that the "GMAC Defendants not only continue to ratify the scheme, but they aggressively seek to profiteer from it." (*Id.* ¶ 5.)

Plaintiff contends that he lost equity in his home and "incurred material other costs and expenses," as a result of Defendants' actions. (*Id.* ¶ 6.) Plaintiff claims the "ALLY Defendants" purchased "the enterprise" and misled Plaintiff and the public by "assuring them that the enterprise was primarily a prime quality mortgage lender." (*Id.* ¶ 7.) Without painstakingly recounting every detail of Plaintiff's Complaint, it is sufficient to say that it continues to describe numerous broad-based errors committed by the "enterprise purchased by the ALLY Defendants." (*See id.* ¶¶ 8-22.)

Sprinkled throughout Plaintiff's Complaint are allegations that appear to apply specifically to the enumerated Defendants in this case, rather than an amorphous, unidentified "enterprise." Plaintiff asserts the "ALLY Defendants represented to multiple Plaintiffs that they would be assisted by the ALLY Defendants in a loan modification." (*Id.* ¶ 30.) Plaintiff alleges that those representations were delay tactics and resulted in further deterioration of Plaintiffs' equity and increased costs, as well as various credit-related detriments. (*Id.* ¶ 32-33.)

Because Plaintiff's Complaint appears to concern a mortgage on his property, discussion of his property and any mortgages thereon is necessary. This is true even though his Complaint is devoid of any specific details. A review of the public record sheds light on the state of Plaintiff's property.[2]

Plaintiff purchased property at 713 46th Avenue North, Minneapolis, Minnesota in September 2004. (GMAC App. ("App.") 1, 21.) Plaintiff's property is subject to two mortgages. (App. 2, 24.) The first mortgage is in the amount of $188,000 with Homecomings Financial Network, Inc. as the lender and MERS as the nominee and mortgagee. (App. 2-3.) The mortgage was recorded on January 5, 2005 in the Hennepin County Recorder's Office. (App. 2.) Plaintiff obtained a second mortgage in the amount of $52,900 with Northwest Community Bank. (App. 24.) The second mortgage was dated April 25, 2005, and recorded on May 23, 2005. (*Id.*) MERS began foreclosure proceedings on the first mortgage on March 16, 2010, but did not complete the foreclosure. (App. 32.)

---

[2] The Court may take judicial notice of certain facts of public record. *See Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007). Further, the Court may consider "materials that are necessarily embraced by the pleadings." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## II.   Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court determines whether "a complaint contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To establish facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Federal Rule of Civil Procedure 9(b) requires a heightened pleading standard, whereby plaintiffs must plead fraud with particularity. Fed. R. Civ. P. 9(b). This requirement applies to negligent misrepresentation. *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010). That pleading requirement requires a Plaintiff to identify the "who, what, when, where, and how" of a misrepresentation. *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (quotation omitted).

As Defendants point out, many of the allegations of Plaintiff's Complaint are conclusory statements that the Court need not consider in deciding this motion. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citation omitted). Notably, however, pro se pleadings must be afforded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, pro se litigants are held to a lesser pleading standard than represented parties. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

## III.   Discussion

Plaintiff alleges only one cause of action: negligent misrepresentation. In affording Plaintiff a liberal construction, however, the Court also considers the potential but unidentified claim based on the common "show-me-the-note" theory.

### A.   Negligent Misrepresentation

To make out a prima facie case for negligent misrepresentation, a plaintiff must establish the following four elements:

> (1) in the course of his or her business, profession, or employment, or in a transaction in which he or she has a pecuniary interest, (2) the person supplies false information for the guidance of others in their business transactions, (3) another justifiably relies on the information, and (4) the person making the representation has failed to exercise reasonable care in obtaining or communicating the information.

*Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 369 (Minn. 2009). Finally, a federal court sitting in diversity must apply the forum state's substantive law. *PHL Variable Ins. Co. v. Fullbright McNeill, Inc.*, 519 F.2d 825, 828 (8th Cir. 2008) (citing *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007)).

Plaintiff alleges two broad misrepresentations. First, Plaintiff alleges misrepresentations based on the nature of Defendants' businesses and products, which induced him to enter into his mortgage. Second, Defendants allegedly misrepresented their intent to assist Plaintiff in obtaining a loan modification. Defendants offer three justifications for dismissing Plaintiff's negligent misrepresentation claim. Defendant argues that Plaintiff has failed to plead with particularity, that Plaintiff failed to state a claim because he has not pled reasonable reliance or causation, and finally, that the claim is barred by Minnesota law. The Court agrees with all of Defendants' arguments, and Plaintiff's Complaint should be dismissed with prejudice.

#### 1.   Federal Rule of Civil Procedure 9(b)

Plaintiff's Complaint does not meet the particularity requirement set forth in Rule 9(b). Plaintiff does not identify any speaker; the specific contents of any misrepresentation; the date, time, or place of any misrepresentation; or the location where either Defendant or a representative of either Defendant communicated a misrepresentation. In fact, it is unclear

5

exactly who is the wrongdoer. Plaintiff repeatedly refers to the "ALLY Defendants." Whether that is a reference to Ally, Ally and GMAC, or Ally and its representatives, is unclear. When suing multiple defendants, a plaintiff is required to state, with specificity, which defendant made misrepresentations. *Carlson v. A.L.S. Enters.*, Civ. No. 07-3970 (RHK/JSM), 2008 WL 185710, at *4 (D. Minn. Jan. 18, 2008) (quoting *Vicom, Inc. v. Harbridge Merc. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)).

Because Plaintiff does not include the "time, place and contents of false representations, as well as the identity of the person making the misrepresentation," he falls short of Rule 9(b)'s requirement and, thus, his Complaint should be dismissed. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

### 2.     Justifiable Reliance

An action based on alleged misrepresentations requires a plaintiff to show justifiable reliance on an alleged misrepresentation. *Valspar*, 764 N.W.2d at 369. Plaintiff entered into his first mortgage with Homecomings Financial Network, Inc. in 2004. All of the alleged misrepresentations, however, took place between 2005 and 2007. Accordingly, the alleged misrepresentations cannot form the basis for liability in connection with the 2004 mortgage.

### 3.     Causation

The fourth element of negligent misrepresentation requires a plaintiff to demonstrate that the misrepresentation was the proximate cause of his damage. *Davis v. Re-Trac Mfg. Corp.*, 149 N.W.2d 37, 39 (Minn. 1967). Here, Plaintiff alleges loss of equity in his home and damage to his credit score. The Court finds that Plaintiff has not connected any alleged misrepresentations as the cause of his damages. Indeed, the alleged misrepresentations may have been "but-for" causes, but the collapse of the real estate market and Plaintiff's ensuing inability to meet his

mortgage obligations intervened between the alleged misrepresentations and the damages. Accordingly, the pleadings do not show that the alleged misrepresentations were the proximate cause of Plaintiff's damages, and his claim fails.

### 4. Minnesota Statute § 513.33

Defendants also rely on Minnesota Statute § 513.33 which prohibits Plaintiff from relying on oral representations regarding modification of credit agreements. Minn. Stat. § 513.33, subd. 2 ("A debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor."). Because Plaintiff has not offered evidence of, or referred to, any signed writing that meets § 513.33's requirements, he may not rely on oral representations to modify his mortgage. Thus, his claim fails on this ground, as well.

### B. "Show Me the Note" Claim

Finally, Plaintiff's Complaint possibly asserts a claim based on the purported improper separation of his mortgage and promissory note. It is well-settled jurisprudence in this District, the Eighth Circuit, and the State of Minnesota that claims of this type are meritless. Following the Eighth Circuit's decision in *Stein v. Chase Home Finance, LLC*, it has been clear that, under Minnesota law, the separation of a promissory note from a mortgage does not bar the holder of a mortgage from instituting foreclosure proceedings. *See, e.g.*, *Stein v. Chase Home Fin., LLC*, 662 F.3d 976, 979 (8th Cir. 2011); *see also Jackson v. Mortgage Electronic Registration Sys., Inc.*, 770 N.W.2d 487, 500 (Minn. 2009); *see also Welk v. GMAC Mortg., LLC*, --- F. Supp. 2d ---, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012) (collecting cases). Therefore, any potential claim based on this theory should be dismissed.

**IV.     Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (ECF No. 4) be **GRANTED**;

2. Plaintiff's claims be **DISMISSED WITH PREJUDICE**; and

3. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: July 6, 2012                                      s/ *Jeanne J. Graham*
                                                        JEANNE J. GRAHAM
                                                        United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 20, 2012**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the district judge is not required to review a transcript or the district judge directs otherwise.